UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN DIIULLO and JEREMY DIIULLO,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FCA US LLC and TUTTLE-CLICK, INC.,<br><br>　　　　　　　　　Defendants. | Case No. 20-cv-382-MMA (BLM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>[Doc. No. 6] |

On February 28, 2020, FCA US LLC ("Defendant FCA") filed a notice of removal of this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 and on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. No. 1. On March 13, 2020, Plaintiffs Megan Diiullo and Jeremy Diiullo ("Plaintiffs") filed a motion to remand the action back to state court pursuant to 28 U.S.C. § 1447 based on this Court's lack of diversity jurisdiction. *See* Doc. No. 6. Defendant FCA filed an opposition to Plaintiffs' motion, and Plaintiffs replied. *See* Doc. Nos. 10, 13. The Court found the matter suitable for determination on the papers and without oral argument. *See* Doc. No. 8; *see also* Fed. R. Civ. Pro. 78(b) ("By rule or order, the court may provide for

submitting and determining motions on briefs, without oral hearings."); CivLR 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to remand.

## I. BACKGROUND

Plaintiffs allege seven causes of action. *See* Doc. No. 7 at 11–18.[1] Plaintiffs allege five claims against Defendant FCA for violations of California's Song-Beverly Act and one claim against Defendant FCA for fraud by omission. *See id.* at 11–17. Plaintiffs also allege one claim against Defendant Tuttle-Click, Inc. ("Defendant Tuttle-Click") for negligent repair. *See id.* at 17–18.

Plaintiffs aver that they "purchased a 2017 Chrysler Pacifica [with] vehicle identification number 2C4RC1BG8HR530300, . . . which was manufactured and or distributed by Defendant FCA." *Id.* ¶ 8. On at least six occasions, "Plaintiffs visited Defendant's authorized repair facilities . . . for concerns related to the Subject Vehicle's defects." *Id.* ¶ 11. On at least three of those occasions, Plaintiffs brought the vehicle to Defendant Tuttle-Click for repair. *See id.* Plaintiffs allege that they "continued to experience symptoms of the defects despite Defendant's representations that the defects were repaired." *Id.* ¶ 12.

Plaintiffs filed an unlimited civil action in Los Angeles Superior Court. *See* Doc. No. 1-2 at 43. Defendant then removed the action to this Court. *See* Doc. No. 1. Plaintiffs now move to remand the case back to state court. *See* Doc. No. 6.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* at 377. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party seeking federal

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Additionally, 28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III. Discussion

Plaintiffs present multiple reasons why the case should be remanded to the state court. First, Plaintiffs argue they properly joined Defendant Tuttle-Click in this action and have pleaded a plausible negligent repair claim against Tuttle-Click. *See* Doc. No. 6-1 at 6–12. Plaintiffs further contend FCA has not shown that the amount in controversy exceeds $75,000 or that Plaintiffs are citizens of California. *See id.* at 12–18. Plaintiffs finally argue Defendant FCA has not established its own citizenship. *See id.* at 18–19. Defendant FCA responds that it has demonstrated that the amount-in-controversy is over $75,000. *See* Doc. No. 10 at 8–16. Defendant FCA also argues that diversity of citizenship exists because joinder of Defendant Tuttle-Click was fraudulent. *See id.* at 18–22. In the alternative, Defendant FCA argues that the Court should "perfect its diversity jurisdiction" by dropping Defendant Tuttle-Click as a party under Federal Rule of Civil Procedure 21. *See id.* at 22–23.

### A. Diversity of Citizenship

#### 1. Defendant Tuttle-Click

Plaintiffs bring a single cause of action against Defendant Tuttle-Click for negligent repair. *See* Doc. No. 7 at 17–18. Plaintiffs claim that "Defendant Tuttle[-Click] breached its duty to Plaintiffs to use ordinary care and skill by failing to properly store, prepare and repair the Subject Vehicle in accordance with industry standards." *See id.* at 18. Defendant FCA argues that joinder of Defendant Tuttle-Click does not defeat jurisdiction because Tuttle-Click was fraudulently joined. *See* Doc. No 10 at 18–22. In support of this argument, Defendant FCA contends that the economic loss rule bars recovery against Defendant Tuttle-Click and that Plaintiffs' allegations against Tuttle-Click are inadequately pleaded. *See id.* at 20–22.

As a preliminary matter, Defendant Tuttle-Click appears to be a citizen of California.[2] The Court now turns to (1) whether the economic loss rule bars recovery against Defendant Tuttle-Click; (2) whether Plaintiffs may be able to cure any pleading inadequacies; and (3) whether the Court should drop Defendant Tuttle-Click under Rule 21.

In determining whether diversity jurisdiction exists, courts may disregard fraudulently joined or "sham" defendants. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 1987)). A defendant can establish fraudulent joinder by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A defendant is fraudulently joined only "[i]f the plaintiff fails to state a cause of action against a resident

---

[2] Neither party has contested the citizenship of Defendant Tuttle-Click. *See generally* Doc. Nos. 6, 10, 13. Plaintiffs state that Defendant Tuttle-Click "is an unknown business entity organized and in existence under the laws of the State of California." *See* Doc. No. 7 at 2. Defendant FCA states that Defendant Tuttle-Click is "a California corporation." *See* Doc. No. 1 at 5. Accordingly, the Court treats Defendant Tuttle-Click as a citizen of California.

defendant, and the failure is obvious according to the settled rules of the state." *See Morris*, 236 F.3d at 1067 (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)).

### i. The Economic Loss Rule Does Not Bar Recovery Against Defendant Tuttle-Click

Defendant FCA argues that the economic loss rule bars recovery against Defendant Tuttle-Click for negligent repair. *See* Doc. No. 10 at 20–21. Plaintiffs argue that the component exception to the economic loss rule allows recovery. *See* Doc. No. 13 at 6–8.

Under the economic loss rule, a plaintiff may not recover purely economic damages for tort claims. *See Jimenez v. Superior Court*, 58 P.3d 450, 455–56 (Cal. 2002). However, the component exception recognizes that "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *See id.* at 457.

Multiple courts have recognized the potential applicability of the component exception to negligent repair claims involving vehicles. *See Valenciano v. FCA US LLC*, No. CV 20-3197-CJC (ASx), 2020 WL 1699552, at *3 (C.D. Cal. Apr. 8, 2020) ("[A] growing body of case law recogniz[es] that local dealerships can be liable to plaintiffs who assert negligent repair claims."); *Doyle v. Gen. Motors LLC*, No. CV 19-10781-CJC(SSx), 2020 WL 915887, at *2 (C.D. Cal. Feb. 25, 2020) (stating that a negligent repair claim was valid for the purposes of deciding a plaintiff's motion to remand); *Miranda v. Ford Motor Co.*, No. CV 20-237-JFW(PJWx), 2020 WL 917280, at *2 (C.D. Cal. Feb. 25, 2020) (finding a defendant car dealership's argument that the economic loss rule barred recovery on a negligent repair claim unpersuasive). Defendant FCA provides

no explanation as to why these cases were wrongly decided.  Thus, Defendant has not met its burden of showing that Defendant Tuttle-Click "cannot be liable on any theory."  *See Ritchey,* 139 F.3d at 1318.

### ii. Plaintiffs May Be Able to Cure Any Pleading Deficiencies Against Defendant Tuttle-Click

Defendant FCA further argues that Plaintiffs have failed to plead a plausible claim against Defendant Tuttle-Click.  *See* Doc. No. 10 at 21–22.  Specifically, FCA contends that with respect to Defendant Tuttle-Click, "[t]here is insufficient information about the purported negligent repair dates, conduct, circumstances amounting to negligence and the alleged damages stemming therefrom."  *See id.* at 22.

The Court is not persuaded by FCA's argument.  Before finding fraudulent joinder, a "district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  *GranCare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018).  As noted above, courts have repeatedly recognized the plausibility of claims similar to Plaintiffs' negligent repair claim against Defendant Tuttle-Click.  *See Valenciano,* 2020 WL 1699552, at *3; *Doyle*, 2020 WL 915887, at *2; *Miranda*, 2020 WL 917280, at *2.  Therefore, Defendant FCA has not persuaded the Court why any deficiencies in Plaintiffs' complaint cannot be cured with amendment.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)) ("Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'").  Moreover, the Court notes that many of the alleged deficiencies in Plaintiffs' complaint have been addressed by Plaintiffs' first amended complaint.  *See* Doc. No. 7 ¶ 11 (providing additional details regarding the repair history of the vehicle and Defendant Tuttle-Click's conduct).

Accordingly, the Court finds that Defendant FCA has not met its burden of showing that Plaintiffs fraudulently joined Defendant Tuttle-Click in this action.  *See Morris*, 236 F.3d at 1067.

20-cv-382-MMA (BLM)

### iii. Defendant Tuttle-Click Should Not Be Dropped Under Rule 21

In the alternative, Defendant FCA argues that the Court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Defendant Tuttle-Click as a party. *See* Doc. No. 10 at 22–23. "On motion or on its own, the court may at any time, *on just terms*, add or drop a party." Fed. R. Civ. P. 21 (emphasis added); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("Rule 21 invests district courts with the authority to allow a dispensable nondiverse party to be dropped at any time.") (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989))).

Defendant FCA provides no reason why the Court should drop Defendant Tuttle-Click beyond a bald statement that "Plaintiffs have not shown how Tuttle[-]Click is necessary to afford Plaintiffs full relief as they have not identified any cognizable damages from the dealership's alleged negligent repair of the vehicle." *See* Doc. No. 10 at 23. The Court finds Defendant FCA's argument unavailing. As discussed above, for the purposes of this motion, Plaintiffs have stated a plausible claim against Defendant Tuttle-Click. Further, the claims alleged against Defendant FCA and the claim alleged against Defendant Tuttle-Click are intertwined, both involving defects in the same vehicle. *See generally* Doc. No. 7. Consequently, the Court declines to drop Defendant Tuttle-Click under Rule 21. *See Gayou v. Ford Motor Co.*, No. CV 18-10407-DMG (JEMx), 2019 WL 1325846, at *5 (C.D. Cal. Mar. 25, 2019) ("Since [defendant] has put forth no reasons why, in consideration of the applicable legal standard and 'on just terms,' the Court should dismiss [a second defendant], the Court declines to do so.").

### 2. Plaintiffs' Citizenship

Additionally, Plaintiffs argue that the case should be remanded because Defendant FCA has failed to establish that Plaintiffs are citizens of California. *See* Doc. No. 6-1 at 16–18. In support of this argument, Plaintiffs contend that residence is not equivalent to domicile. *See id.* at 17. Defendant FCA argues that the inclusion of Plaintiffs' state of residence in the original complaint is sufficient to establish diversity. *See* Doc. No. 10 at 18.

Plaintiffs are correct that residence is distinguishable from domicile. *See Gilbert v. David*, 235 U.S. 561, 569 (1915); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence."). Nevertheless, the Court finds that there is sufficient evidence in this record to establish Plaintiff Jeremy Diiullo's domicile.

Defendant FCA attached the sale contract of a vehicle in its notice of removal. *See* Doc. No. 1-2 at 50. The sale contract lists a vehicle identification number, 2C4RC1BG8HR530300, which is identical to the vehicle identification number listed in Plaintiffs' first amended complaint. *Compare id.*, *with* Doc. No. 7 ¶ 8. The first page of the sale contract also states the following under the section titled "Buyer Name and Address":

> JEREMY JAMES DIIULLO[3]
> . . .
> GARDEN GROVE CA
> 92845-1329 ORANGE

Doc. No. 1-2 at 50. Plaintiff Jeremy Diiullo's signature and initials appear repeatedly throughout the sale contract. *See id.* 50–54. The Court finds the sale contract is sufficient proof that Plaintiff Jeremy Diiullo's permanent home—and thus domicile—is Garden Grove, California.

Accordingly, complete diversity does not exist between Plaintiffs and Defendant Tuttle-Click because both are domiciled in California.[4] Because the action could not

---

[3] In order to protect the privacy of the Plaintiffs, the Court has omitted a single line, which contains a street number, from the address block.

[4] Neither party has provided information regarding the citizenship of Plaintiff Megan Diiullo. Regardless, the Court is able to decide the question of diversity jurisdiction without this information. Given Defendant Tuttle-Click's California citizenship, Plaintiff Jeremy Diiullo's California citizenship destroys complete diversity.

have originated in federal court under diversity jurisdiction, removal was improper. *See* 28 U.S.C. § 1441(a)–(b).

### 3. Defendant FCA's Citizenship

The Court notes an additional procedural reason to remand the case. Defendant FCA argues that FCA is a citizen of Delaware under the "nerve center" test of *Hertz Corp. v. Friend*. *See* Doc. No. 10 at 17–18 (citing 559 U.S. 77, 80–81 (2010)). Plaintiffs argue that Defendant FCA is arguably a citizen of California under the *Hertz* test. *See* Doc. No. 6-1 at 18–19.[5]

Both parties seem to apply the wrong test of citizenship to Defendant FCA. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant FCA states that it is "a *corporation* organized under the laws of the State of Delaware with its principal place of business in Michigan." *See* Doc. No. 10 at 8 (emphasis added). However, based on its name, Defendant FCA US LLC appears to be a limited liability company. *See* Doc. No. 10-3 at 1.

As the removing party, Defendant FCA bears the burden of establishing proper jurisdiction. *See Kokkonen*, 511 U.S. at 377. For purposes of determining diversity jurisdiction, limited liability companies are citizens of all states of which their members are citizens. *Johnson*, 437 F.3d at 899. Defendant FCA has not provided any evidence about the identity or the citizenship of its members. *See generally* Doc. Nos. 1, 10.

---

[5] In support of this argument, Plaintiffs cite a "Statement of Information" filed with the California Secretary of State and an online press kit. *See id.* at 19 nn.5–6. Defendant FCA objects to the use of the Statement of Information because the document was not attached to Plaintiffs' motion to remand. *See* Doc. No. 10 at 17. Defendant FCA also objects to the use of the press kit because the information was obtained online and is not authenticated. *See id.* at 18. "It is not clear that the Ninth Circuit or the Federal Rules of Civil Procedure require evidence considered in support of or in opposition to a motion to remand be admissible." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. Mar. 29, 2017) (citing *Cardroom Int'l LLC v. Scheinberg*, No. 12-02870 MMM (AGRx), 2012 WL 2263330, at *4 n.12 (C.D. Cal. June 18, 2012)). Regardless, the Court **OVERRULES as moot** Defendant FCA's objections because, in reaching its decision on this issue, the Court does not rely on either of the documents cited by Plaintiffs. *See Jankins*, 2017 WL 1181562, at *4.

A district court may permit jurisdictional discovery in cases that are removed from state court. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691–92 (9th Cir. 2006); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001). However, given the Court's findings regarding the citizenship of Plaintiff Jeremy Diiullo and Defendant Tuttle-Click, and given that Defendant FCA has not requested additional jurisdictional discovery, the Court declines to permit jurisdictional discovery *sua sponte*.[6]

**B. Amount-in-Controversy**

Finally, the Court notes that the parties dispute whether the amount-in-controversy requirement is satisfied. *Compare* Doc. No. 6-1 at 12–18, *with* Doc. No. 10 at 8–16. However, because Defendant FCA has failed to establish complete diversity, the Court need not address the amount-in-controversy. *See Caterpillar,* 519 U.S. at 68 (finding that jurisdiction under § 1332 requires complete diversity of citizenship).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion and **REMANDS** this action to the Superior Court of California, County of Los Angeles. The Court **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: April 21, 2020

HON. MICHAEL M. ANELLO
United States District Judge

---

[6] In making this decision, the Court notes that Defendant FCA is no stranger to the requirements of federal diversity jurisdiction. *See Valenciano*, 2020 WL 1699552, at *3 ("[FCA counsel's] experience includes at least nine cases in the last year alone where courts in this district have remanded cases because FCA failed to meet its burden to show that a local dealership was fraudulently joined.").